(106 So. 650)

No. 25412.

## DE LIMON v. SCHMITT.

(Nov. 30, 1925. Rehearing Denied Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

Divorce ⬤⟜155—Granting definitive judgment in suit for abandonment held error, in absence of preliminary judgment.

Definitive judgment for separation from bed and board on ground of wife's abandonment was unauthorized, under Civ. Code, art. 145, before rendition of preliminary judgment ordering defendant to return to matrimonial domicile and notice thereof to wife from month to month for three months.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Hamilton N. Gautier, Judge.

Suit by Louis De Limon against Hazel E. Schmitt, his wife. From a judgment for plaintiff, defendant appeals. Judgment set aside, and case remanded.

McCloskey & Benedict, of New Orleans, and Andrew H. Thalheim, of Gretna, for appellant.

C. A. Buchler, of Gretna, for appellee.

ROGERS, J. Plaintiff sued defendant, his wife, for a separation from bed and board on the ground of abandonment. The petition was filed October 30, 1920, and the district judge rendered an order authorizing defendant to stand in judgment, and that the usual reiterated summonses issue according to law. Summonses were served upon the defendant November 8, 1920, December 28, 1920, January 25, 1921, and February 26, 1921. On April 25, 1921, defendant filed an answer, admitting that she separated from her husband on August 19, 1920, but denying that she had abandoned him. She alleged that her husband had promised to establish a separate domicile for her, but had failed to do so, compelling her to reside in a room and house belonging to his mother, who was of an irritable disposition; and that she had departed from said premises only when ordered to do so by the mother of plaintiff. On March 10, 1922, defendant filed a supplemental answer, wherein she asked, in reconvention, for a judgment of separation from bed and board on the ground of cruel and inhuman treatment. On March 11, 1922, defendant filed a rule for alimony. On April 21, 1922, the cause came up for trial on the original petition of plaintiff, the answer and reconventional demand of defendant, and the rule for alimony. On May 2, 1922, judgment was rendered in favor of plaintiff and against defendant, decreeing a separation from bed and board between them, dismissing the reconventional demand of defendant, and denying to her alimony as prayed for. From this judgment defendant appealed.

We think the judge a quo erred in rendering a definitive judgment as the case was presented to him. Such judgment cannot be legally rendered until a preliminary or interlocutory judgment ordering the defendant to return to the matrimonial domicile has been previously rendered and the defendant shall have been duly notified thereof from month to month for three months. Bursha v. Lane, 105 La. 112, 29 So. 712. A suit for separation from bed and board on the ground of abandonment is not at issue until all the provisions of the Civ. Code, art. 145, have been complied with. Moore v. Hampson, ante, p. 717, 106 So. 250, No. 27408 of our docket, recently decided.

For the reasons assigned, the judgment appealed from is set aside, and the case is remanded to the district court to be further proceeded with according to law; costs of this appeal to be paid by plaintiff; all other costs to await the final determination of this suit.